IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT M. S.,[1]

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY ADMINSTRATION,

        Defendant.

Case No. 3:19-cv-00812-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

    Plaintiff Scott S. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Title II Disability Insurance Benefits and Title XVI Social Security Income. All parties have consented to allow a Magistrate Judge enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Born in 1963, plaintiff alleges disability beginning November 15, 2015, due to back pain, neck pain, high blood pressure, acid reflux, hypermobility syndrome, and depression.[2] Tr. 204-19. On November 9, 2017, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 33-74. On April 6, 2018, the ALJ issued a decision finding plaintiff not disabled. Tr. 15-28. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ determined plaintiff's "degenerative disc disease" was medically determinable and severe. Id. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 20.

Because plaintiff did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to perform medium work as defined by 20 C.F.R. § 404.1567(c) and 20 C.F.R. § 416.967(c) except:

> [he can] stand and walk for six hours total of eight; sit for six hours of eight; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead; frequently reach in all other directions; and never climb ladders, ropes, or scaffolds.

Id.

---

[2] The record before the Court encompasses nearly 1800 pages, but with multiple incidences of duplication. Where evidence occurs in the record more than once, the Court will generally cite to the transcript pages on which that information first appears.

At step four, the ALJ concluded plaintiff could perform his past relevant work as a massage therapist. Tr. 26. Alternatively, at step five, the ALJ determined there are a significant number of jobs in the national economy that plaintiff could perform despite his impairments, such as laundry worker and marker. Tr. 26-27.

**DISCUSSION**

Plaintiff argues that the ALJ erred by: (1) formulating an RFC that is not supported by substantial evidence; and (2) failing to pose a complete hypothetical to the VE, thereby rendering the step four and five findings invalid.

**I.   RFC Determination**

Plaintiff contends that the ALJ's RFC is deficient in two keys respects. First, plaintiff asserts "there is nothing in the record that supports the ALJ's finding that [he] is capable of performing medium work." Pl.'s Opening Br. 7 (doc. 15). Second, plaintiff maintains the "ALJ erred by failing to include the limitation of needing a cane to ambulate." Id. at 8.

The RFC is the maximum that a claimant can do despite his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. Limitations supported by substantial evidence must be incorporated into the RFC. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, in formulating the RFC, the ALJ weighed opinion evidence from:

(1) Kim Webster, M.D., who performed a consultative examination in June 2016 and opined that plaintiff "has absolutely no" underlying physical impairments or resultant limitations, despite reviewing a January 2016 "MRI of the cervical spine" showing mild-to-moderate degenerative changes (Tr. 443-49);

(2) the state agency consulting sources, who opined in July and September 2016 that plaintiff's physical impairments were non-severe (Tr. 75-92, 95-118);

(3) Roger Martin, P.A., who performed a compensation and pension exam on behalf of Veteran's Affairs in October 2016 and opined that plaintiff suffered from degenerative arthritis of the spine and intervertebral disc syndrome, as well as associated left-sided radiculopathy, which were "moderate in . . . severity" (Tr. 824-34); and

(4) Michelle Guittereau, M.D., who performed a compensation and pension exam on behalf of Veteran's Affairs in February 2017 and opined that plaintiff's physical functional abilities, especially standing and sitting, were limited due to his spinal conditions (Tr. 747-53).

Tr. 21-25. The ALJ also considered plaintiff's hearing testimony and the Cooperative Disability Investigation Unit ("CDIU") report. Id. Essentially, the ALJ concluded that the objective medical evidence establishing moderate and severe multi-level degenerative changes throughout plaintiff's cervical and lumbar spine did "not justify a reduced" RFC because plaintiff's "presentation has been inconsistent." Id.

The ALJ's RFC determination therefore failed to account for significant and probative medical evidence in accordance with SSR 96-8p. Specifically, the ALJ wholly ignored or materially overlooked objective medical findings related to plaintiff's shoulder impairment, somatic symptom disorder, and kinesiophobia. See Gallant v. Heckler, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (ALJ must address relevant, competent evidence that lends support to a claim of disability); see also Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs").

Regarding the unaddressed physical impairment, the record establishes that plaintiff was diagnosed with left- and right-sided "shoulder impingement syndrome" in October 2016. Tr. 835. Upon exam, plaintiff's range of motion in both shoulders was limited and there were clinical

findings indicative of a "rotator cuff condition." Tr 836-41. The examiner concluded that plaintiff's "left and right shoulder condition is moderate in its severity," and plaintiff was subsequently awarded 20% disability from Veterans' Affairs in February 2017 as a result. Tr. 52, 695, 845.

Concerning the unaddressed mental impairments, the record reveals Kenneth Sewell, Ph.D., diagnosed plaintiff with somatic symptom disorder in January 2017. Tr. 789-92; see also Cynthia B. v. Comm'r of Soc. Sec., 2019 WL 6312555, *1 n.1 (W.D. Wash., Nov. 7), adopted by 2019 WL 6310534 (W.D. Wash. Nov. 25, 2019) (somatic symptom disorder is "a psychological condition where the patient is genuinely convinced they are suffering from distressing physical symptoms (not intentionally producing or feigning such symptoms) caused by terrible ailments . . . and the patient experiences extreme discomfort such as pain" that causes major emotional distress and problems functioning) (citation and internal quotations omitted). Also in January 2017, Meenakshi Dogra, M.D., diagnosed plaintiff with "extreme kinesiophobia." Tr. 649-53; see also Jason S. v. Saul, 2020 WL 291381, *6 (N.D. Ill. Jan. 21, 2020) (kinesiophobia is "a state where an individual experiences excessive, irrational, and debilitating fear of physical movement and activity as a result of a feeling of susceptibility to painful injury or reinjury") (citations and internal quotations omitted).

Significantly, the ALJ did not address these psychological impairments at step two or at any subsequent point, either explicitly or implicitly. Tr. 13-28. However, the record is replete with evidence demonstrating that plaintiff frequently displayed "fear-avoidant behaviors" and "extreme perceived pain-related disability" upon examination. See, e.g., Tr. 650, 652, 661, 666, 713, 747, 773, 789-92. Likewise, these diagnoses are consistent with plaintiff's repeated reports of debilitating pain levels – i.e., 9/10 or 10/10, with 10 being the worst pain imaginable – across myriad body parts (including his back, neck, hips, shoulders, ribs, ankle, fingers, thumb, wrist,

etc.) and his perceived need for a cane, despite the fact that one has never been prescribed. See, e.g., Tr. 410-17, 591-982, 1040-1268, 1722.

Thus, although the ALJ is correct that a disparity existed between plaintiff's presentation/physical complaints and certain portions of the medical record, that disparity was itself part of plaintiff's medical condition. See John A. v. Saul, 2019 WL 2616594, *3-4 (W.D. Wash. June 26, 2019) (ALJ erred in evaluating the claimant's somatic symptom disorder by merely noting that the claimant presented with "exaggerated symptoms" and had pain disproportionate to the objective findings). Stated differently, the ALJ wholly failed to recognize, let alone reconcile, how kinesiophobia and somatic symptom disorder played a role in both plaintiff's subjective experience of pain and manifestation of symptoms. See Kelly v. Berryhill, 732 Fed.Appx. 558, 561 n.2 (9th Cir. 2018) ("pain caused by a mix of psychological and physical impairments [is] no less disabling . . . In fact, a claimant can still be disabled even if their pain stems entirely from psychological causes") (citations omitted); see also Joan L. Comm'r, Soc. Sec. Admin., 2019 WL 4167134, *6 (D. Or. Aug. 31, 2019) (diagnosis of a somatic symptom disorder supports the "conclusion that the psychological impact of Plaintiff's medical conditions would interfere with her ability to work"). In sum, the ALJ erred in determining plaintiff could perform a limited range of medium exertion work.

**II.     VE Testimony and Step Four and Five Findings**

Plaintiff also asserts that the ALJ's step four and five findings are erroneous because the dispositive hypothetical questions posed to the VE did not include adequate limitations. This argument is well-taken. Namely, as addressed in section I, the ALJ ignored medical evidence material to plaintiff's functional abilities in formulating the RFC. Because the ALJ's RFC was incomplete, the step four and five findings are not supported by substantial evidence and remand

Page 6 – OPINION AND ORDER

is necessary. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (if a VE's "hypothetical does not reflect all the claimant's limitations, then the . . . testimony has no evidentiary value") (citations and internal quotation marks omitted).

**III.   Remedy**

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101-02 (9th Cir. 2014). Nevertheless, a remand for an award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. Id. at 1100-01 (citations omitted); see also Dominguez v. Colvin, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

As discussed herein, the ALJ erred by ignoring probative medical evidence regarding plaintiff's pain and combined physical/mental impairments in formulating the RFC. The record before the Court is nonetheless ambiguous concerning the extent of plaintiff's functional abilities.[3] On the one hand, plaintiff consistently endorsed extreme and widespread pain, and the record contains objective medical evidence suggestive of significant impairment. See Tr. 609-12 (cervical and lumbar MRIs showing multi-level mild, moderate, and severe degenerative changes); see also

---

[3] Critically, plaintiff's counsel does not argue that the immediate payment of benefits is warranted in this case. See generally Pl.'s Opening Br. (doc. 15); see also Pl.'s Reply Br. 2-3 (doc. 17) ("this court [should] reverse the decision of the ALJ and remand [plaintiff's] claim for further proceedings").

Page 7 – OPINION AND ORDER

Dahl v. Comm'r of Soc. Sec., 2015 WL 5772060, *5 (D. Or. Sept. 30, 2015) (even mild degenerative disc disease can be disabling) (collecting cases).

On the other hand, the medical record, along with the CDIU report, calls into question the accuracy of plaintiff's self-reported functional abilities. For instance, the ALJ resolved that plaintiff engaged in activities in excess of his subjective symptom statements and plaintiff does not challenge this finding on appeal. Tr. 21-23, 379, 397, 422, 443-49, 560-68, 809, 971, 1130, 1148, 1160, 1166, 1184, 1190, 1697; see also Pl.'s Reply Br. 1-2 (doc. 17) (denoting that it is "undisputed" the ALJ appropriately rejected plaintiff's hearing testimony). Moreover, plaintiff has a poor work history and provided inconsistent statements regarding why he stopped working. See, e.g., Tr. 444, 742; see also Tr. 226, 234 240 (earnings and employment reports indicating that plaintiff worked less than 10 hours per week on average from 2005 through 2015). He has also endorsed debilitating pain levels – i.e., 7/10 to 10/10 – due to his back and/or shoulders since at least 2010 (i.e., five years before the alleged onset date). Tr. 1280-1433.

In light of these ambiguities, further proceedings are required to resolve this case. Upon remand, the ALJ must consult a medical expert to review the entire record and evaluate the interplay between plaintiff's exaggerated presentation upon examination, degenerative disc disease of the cervical and lumbar spine, and somatic symptom disorder and kinesiophobia. If necessary, the ALJ must also reformulate plaintiff's RFC and obtain additional VE testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 4th day of March, 2020.

        /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge